IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Gary Paul Lake,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue,<br>Commissioner of Social Security,<br><br>    Defendant. | Civil Action No. 6:11-2107-DCN-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

    This case is before the court for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a) DSC, concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

    The plaintiff brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. 405(g)) to obtain judicial review of a final decision of the Commissioner of Social Security denying claim for disability insurance benefits under Title II of the Social Security Act.

    On January 5, 2012, the Commissioner moved to dismiss the plaintiff's cause of action for failure to commence his civil action within the statute of limitations provided for in Section 205 (g) of the Social Security Act, 42 U.S.C. § 405 (g). The plaintiff filed a response in opposition to that motion on February 13, 2012. The Commissioner filed a reply on February 24, 2012.

## **FACTS PRESENTED**

    The plaintiff's claim for disability benefits was denied by the Administrative Law Judge ("ALJ") on January 30, 2009. The ALJ's decision notified the plaintiff that he

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

had the right to appeal within 60 days after he received the ALJ's decision (def. m. to dismiss, ex. 1, James Jones decl. ¶ 3(a), ex. 1). The plaintiff appealed, and the Social Security Administration's Appeals Council granted the request for review.[2] On August 10, 2010, the Appeals Council notified the plaintiff and his counsel that the request for review had been granted. In that notice, the Appeals Council proposed to issue a decision finding the plaintiff was not entitled to benefits. The notice further informed the plaintiff and counsel that it would consider any evidence or statement on the facts and the law submitted within 30 days of the date of that notice (pl. resp. m. to dismiss, ex. 5). The plaintiff's counsel received that notice on August 16, 2010 (*id.*).

Thereafter, in an unsigned and undated decision, the Appeals Council found that the plaintiff was not entitled to benefits under the Social Security Act (Jones decl., ex. 2). The Appeals Council sent by mail, addressed to the plaintiff at 6 Oak Street, Ware Shoals, SC 29692, a Notice of Appeals Council Decision that is dated September 24, 2010, and is unsigned. The notice further informed the plaintiff that he had 60 days to commence a civil action in United States District Court (*id.* ¶ 3(a), ex. 2). The Appeals Council's notice also informed the plaintiff that the agency would assume he received the notice within five days of the date on the notice, unless he could show that he did not receive it within the five day period (*id.*, ex. 2).

The plaintiff's counsel before the Social Security Administration, Lena Meredith,[3] submitted an affidavit in opposition to the motion to dismiss stating that on or about April 6, 2011, an employee in her office inquired as to the status of the plaintiff's

---

[2] The Commissioner's statement in the motion to dismiss that the Appeals Council denied review, and thus the decision of the ALJ became the final decision of the Commissioner, is incorrect (m. to dismiss at 1). The Appeals Council granted review and issued a decision, and thus the Appeals Council's decision became the final decision of the Commissioner (Jones decl., ex. 2 at 1). *See* 20 C.F.R. § 404.981.

[3] Ms. Meredith is not the plaintiff's counsel of record in the instant action.

2

appeal (pl. resp. m. to dismiss, ex. 1, Lena Meredith aff. ¶ 5 ).  The employee spoke to Felicia Brooks with the Appeals Council and was informed that an unfavorable decision was made in September 2010, and the Appeals Council had sent a letter in December 2010 in response to an inquiry on the plaintiff's behalf from Congressman Gresham Barrett's office as to the status of the appeal (*id.*; pl. resp. m. to dismiss, ex. 2).  That letter to Congressman Barrett's office stated that the Appeals Council issued its decision denying the plaintiff disability insurance benefits on September 24, 2010 (pl. resp. m. to dismiss, ex. 2).  On April 7, 2011, Ms. Brooks sent a fax to Ms. Meredith's office that included a copy of the December 2010 letter to Congressman Barrett's office and a copy of the unsigned September 24, 2010, Notice of Appeals Council Decision, with an unsigned and undated decision attached (*id.*, ex. 2, 3). Ms. Meredith attests that the April 7, 2011, fax was the first written notice she received concerning an unfavorable decision by the Appeals Council and that she has never received a signed copy of the order (Meredith aff. ¶ 6).  In his affidavit, the plaintiff attests that he has never received a signed copy of the decision (pl. resp. m. to dismiss, ex. 4, pl. aff. ¶ 5).  On August 11, 2011, the plaintiff filed a complaint (doc. 1) with the United States District Court.

## **ANALYSIS**

It is well settled that "[t]he United States, as sovereign, 'is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)).  Judicial review of final decisions on claims arising under Title II or Title XVI of the Act is provided for and limited by section 205(g) of the Act, 42 U.S.C. § 405(g), which reads as follows:

> (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such

> decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g). The Commissioner has interpreted "mailing" as the date of receipt by the individual of the notice of the Appeals Council's decision. *See* 20 C.F.R. § 422.210(c). The date of receipt is presumed to be five days after the date on the notice, unless there is a "reasonable showing to the contrary." *See id.* §§ 404.901, 422.210(c). The Social Security regulations provide that the time limit for filing a civil action may be extended by the Appeals Council "upon a showing of good cause." *Id.* § 422.210(c).

Here, the Notice of Appeals Council's Decision is dated September 24, 2010. Accordingly, the plaintiff was presumed to receive it five days later on September 29, 2010, The 60-day time limit to file civil suit would begin on that day, unless the plaintiff can make a "reasonable showing" that he did not receive the notice.

In his response to the defendant's motion to dismiss, the plaintiff has submitted evidence that he and his attorney did not receive notice of the Appeals Council's decision until on or about April 6, 2011. Further supporting the plaintiff's position that he did not timely receive the notice is the inquiry on the plaintiff's behalf as to the status of the appeal from Congressman Gresham Barrett's office in December 2010. Even when the plaintiff and his counsel received the notice in April 2011, the notice they received consisted of an unsigned notice and an unsigned and undated decision. Notably, the notice and decision attached to the affidavit of Mr. Jones, which was submitted by the Commissioner in support of the motion to dismiss, are also unsigned (Jones aff., ex. 2). As noted above, the complaint in this action was filed some four months later on August 11, 2011.

The plaintiff argues that the court should take notice of procedures promulgated by the Appeals Council that address the need for documents to be signed. For instance, with respect to attorney's fees, the procedure mandated by the Appeals

4

Council states: "Forward the fee agreement to the Administrative Appeals Judge (AAJ) who signed the decision as the 'A' member. If the "A" member is not available, forward the documents to the 'B' member." *HALLEX* I-1-2-31(B)(4)(b), 2003 WL 21324755 (S.S.A.). With respect to reimbursement of expenses, the procedure mandated by the Appeals Council states: "b. These expenses must be recorded on a Public Voucher for Fees and Mileage of Witnesses, SF-1156, and Claim for Fees and Mileage of Witness, SF-1157, which must be signed by the subpoenaed witness and a certifying officer." *HALLEX* I-2-3-10(H)(2)(b), 1994 WL 1552640 (S.S.A.). Further, with respect to waiver of representation, the procedure mandated by the Appeals Council states: "If the claimant states that he or she does not want representation, the ALJ will obtain from the claimant a written waiver of the claimant's right to representation, which will be marked as an exhibit. *See* I-2-6-98, Waiver of Representation." *HALLEX* I-2-6-52(A), 1993 WL 643033 (S.S.A.). The plaintiff argues that the Appeals Council should be held to the same standard as it mandates for attorney's fees, expenses, and representation. The plaintiff also notes that attorneys appearing before the United States District Court are required to sign pleadings and the court signs its orders. The plaintiff argues the Appeals Council should be held to the same standard as the United States District Court that has appellate jurisdiction over its decisions.

In *Bowen v. City of New York*, 476 U.S. 467, 479-80 (1986), the Supreme Court ruled that the 60-day period specified in section 205(g) of the Act is a statute of limitations and is a condition on the waiver of sovereign immunity and thus must be strictly construed, and the period of limitation can be tolled by the Commissioner or the courts in rare cases. Specifically, the Court held that an undisclosed policy of the Commissioner, which was inconsistent in critically important ways with established law, justified tolling the 60-day statute of limitations until such time as the plaintiffs had a reasonable opportunity to learn the facts concerning the cause of action. *Id.* at 481. The Court stated, however, that in most cases the Commissioner should make the determination whether to extend the

60-day period and that only "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate'" should the courts extend the period. *See id.* (quoting *Eldridge*, 424 U.S. at 330).

Here, this court agrees with the plaintiff that to allow the Appeals Council to use unsigned notices and unsigned/undated decisions as proper notice under the law and regulations is an endorsement of a procedural practice that is contrary to the Appeals Council's own mandates. Weighing the equities, this court finds that while the plaintiff failed to timely file his complaint, the Appeals Council is remiss in failing to provide to the plaintiff and counsel with a timely signed and dated decision.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the 60-day statute of limitations be tolled, the defendant's motion to dismiss (doc. 6) be denied, and the case be allowed to proceed on the merits.

s/ Kevin F. McDonald
United States Magistrate Judge

May 15, 2012
Greenville, South Carolina