# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| GARY PAUL LAKE, | ) | |
| | ) | No. 6:11-2107-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL ASTRUE, COMMISSIONER | ) | **ORDER** |
| OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on United States Magistrate Judge Kevin F. McDonald's Report and Recommendation (R&R) that this court deny the Commissioner's motion to dismiss and recommends instead that the court apply the doctrine of equitable tolling to plaintiff's untimely filed complaint because the Appeals Council failed to provide plaintiff and counsel with a timely signed and dated decision. The Commissioner filed objections to the R&R. For reasons set forth below, this court rejects the R&R and grants the Commissioner's motion to dismiss based on the statute of limitations.

## I. BACKGROUND

Plaintiff Gary Paul Lake filed an application for disability insurance benefits on August 8, 2006. Compl. 1. His application was denied initially and upon reconsideration. Id. Plaintiff requested an administrative hearing, which was held on January 6, 2009. Id. On January 30, 2009, the ALJ issued an unfavorable decision. On August 10, 2010, the Appeals Council notified Lake and his counsel that it: (1) granted Lake's request for review; (2) proposed to issue a decision finding plaintiff was not

1

entitled to benefits; and (3) would consider any evidence or statement on the facts and law submitted within thirty days of the date of the notice. R&R 2. Lake's counsel, Lena Meredith, received that notice on August 16, 2010. Id.

On September 24, 2010, in an unsigned and undated decision, the Appeals Council found that Lake was not disabled, rendering the ALJ's decision the final decision of the Commissioner. The Commissioner filed a declaration of an employee of the Office of Hearings and Appeals stating that "on September 24, 2010, the Appeals Council sent by mail addressed to the plaintiff at 6 Oak Street, Ware Shoals, SC 29692" an unsigned notice letter, dated September 24, 2010. Jones Decl. 3. The notice letter informed Lake of his right to commence a civil action within sixty days from the date of receipt. Id. Thus, including the full five day period, Lake's deadline for commencing a civil action would have been November 29, 2010. Plaintiff and his attorney submitted affidavits stating that they never received the allegedly mailed, initial notice of the adverse decision.

In December 2010, the Appeals Council sent a letter in response to an inquiry on plaintiff's behalf from Congressman Gresham Barrett's office as to the status of the appeal. Pl.'s Ex.'s 1 & 2. That letter stated that the Council issued its decision denying plaintiff disability insurance benefits on September 24, 2010. Id.

On or about April 6, 2011, Cheryl Simmons, an employee of Meredith's office, inquired as to the status of the appeal. Meredith Aff. 1. She spoke to Ms. Brooks with the Appeals Council, by telephone, who informed her that an unfavorable decision was made on September 24, 2010 and that a letter was sent to Congressman Barrett in December 2010. Id.

On April 7, 2011, Ms. Brooks sent a fax to Meredith's office that contained a copy of the December 2010 letter to Congressman Barrett's office and a copy of the notice letter with an unsigned and undated decision attached. Pl.'s Ex.'s 2 & 3. Lake avers that he did not receive the decision but that, on April 6, 2011, he was told by Cheryl Simmons, Meredith's employee, that she had been advised by the Appeals Council that it had decided his appeal in September of 2010. Lake Aff. 1; see Meredith Aff. 1. Similarly, Meredith claims that the April 7, 2001 fax was the first written notice she received concerning an unfavorable decision by the Appeals Council and that she has never received a signed copy of the order. Id.

Lake filed an action seeking judicial review of the Commissioner's final decision denying his application for disability insurance benefits on August 11, 2011. Compl. 1. In response, defendant moved to dismiss on the grounds that the action was not filed within sixty days of the administrative decision, as required by 42 U.S.C § 405(g). Specifically, defendant alleges that more than sixty days passed from the time Lake received notice of the adverse decision from the Appeals Council, which Lake admits.

Notwithstanding his admission that he did not file the action until some four months after receiving notice in April 2011, Lake argues that the clock on the sixty day requirement for filing an appeal in district court has not started because the unsigned and undated decision did not provide adequate notice. Pl.'s Reply Mot. to Dismiss 6. Lake then asks that even if the court were to find that notice was given in April 2011, the court toll the sixty day requirement because the notice that was faxed to him on April 7, 2011 was not signed.

In its objections, defendant argues Lake's complaint should be dismissed because he was aware of the sixty day time limit and, after receiving a faxed copy of the decision in April 2011, he nevertheless waited a full four months to file this action. Specifically, defendant argues that the fact that the agency failed to sign and date the decision, and sign the faxed Notice, does not render the April 2011 notice ineffective and no circumstances exist that justify equitable tolling of the statute of limitations. Def.'s Obj. 2.

As matters outside of the pleadings were presented by both Lake and defendant that the court chooses not to exclude, the court treats the government's motion as one for summary judgment rather than as a motion to dismiss. See Fed. R. Civ. P. 12(d); see also Herbert v. Saffel, 877 F.2d 267, 270 (4th Cir. 1989); Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1463, 1471 (4th Cir. 1991); Fed. R. Civ. P. 56.[1]

## II. STANDARDS OF REVIEW

### A.    Report and Recommendation

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The district court may accept, reject, or modify, in whole or in

---

[1] In this case, plaintiff unquestionably had such opportunity. Defendant's counsel attached a declaration and other exhibits outside the pleadings, putting plaintiff on notice of possible conversion. See Fornshill v. Ruddy, No. 95-2490, 1996 WL 333223, at *2 (4th Cir. 1996). Additionally, plaintiff attached affidavits, including his own, and other materials outside the pleadings to his reply in opposition.

4

part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

### B.     Summary Judgment

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is inappropriate "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

"[A]t the summary judgment stage the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than to show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Anderson, 477 U.S. at 255.

### C.     Judicial Review of Final Decision of Commissioner

United States district courts have jurisdiction over appeals from final decisions of the Commissioner. 42 U.S.C. § 405(g). Plaintiff proceeds under section 205(g) of the Social Security Act, as amended 42 U.S.C. § 405(g), which provides, in relevant part:

> (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

The Commissioner has interpreted "mailing" as the date of receipt by the individual of the notice of the Appeals Council's decision. See 20 C.F.R. § 422.210(c). In addition, the date of receipt is presumed to be five days after the date of such notice. Id. A plaintiff can rebut this presumption by making a "reasonable showing to the contrary" that she did not receive notice within five days. See 20 C.F.R. §§ 404.901, 422.210(c). If the plaintiff successfully rebuts the presumption, the burden shifts to the Commissioner to show that the plaintiff received actual notice of the Commissioner's decision. McMahan v. Barnhart, 377 F. Supp. 2d 534, 535 (W.D.Va. 2005) (citing Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984)).

This statute of limitations is not jurisdictional and is subject to equitable tolling. See Bowen v. City of N.Y., 476 U.S. 467, 478-80 (1986). However, the time limitation should be tolled by the Commissioner or the courts only in rare or exceptional circumstances. Id.; see Hyatt v. Heckler, 807 F.2d 376, 377 (4th Cir. 1986), *cert. denied*, 484 U.S. 820 (1987). A court may equitably toll the statute of limitations period "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." Bowen, 476 U.S. at 480. Thus, a plaintiff who did not timely file his complaint seeking judicial review of the Commissioner's final, unfavorable decision must allege facts that constitute "rare circumstances" that would make application of the doctrine of equitable tolling appropriate. Id. at 481. The Fourth Circuit has cautioned that tolling the limitations period "will rarely be appropriate." Hyatt, 807 F.2d at 378.

## III. DISCUSSION

### A. Receipt of Notice of the Appeals Council's Decision

The first issue is whether the sixty day period even began to run—i.e., whether Lake received notice of the Appeals Council's decision. Considering all the facts in the light most favorable to the non-moving party, the court will assume that Lake did not receive notice in September 2010. However, after a thorough review of Fourth Circuit precedent, this court finds that the Social Security Office's April 2011 telephone statements to plaintiff's counsel, plaintiff's counsel's subsequent communication to plaintiff, and the Social Security Office's follow up fax constitute actual notice. See McMahan, 377 F. Supp.2d at 535 (citing Gibbs v. Harris, 501 F. Supp. 124, 125-126 (D. Md. 1980), aff'd, 665 F.2d 1039 (4th Cir. 1981)).

In McMahan v. Barnhart, the district court held that telephone conversations between the Social Security Administration and plaintiff's attorney, and between plaintiff and his attorney, constituted actual notice of the Appeals Council's decision, rendered a complaint filed beyond sixty days from their conversations untimely, and made application of the doctrine of equitable tolling inappropriate. Id. In that case, the plaintiff, like Lake, averred, in his affidavit, that he did not receive the allegedly mailed decision but that, on October 18, 2004, he was told by his attorney that the attorney had telephoned an Appeals Council employee three days before, and had been advised that the Council had decided his appeal in March 2003. Id. at 536. As a result, the district court found the telephone call constituted actual notice and thus rendered it "uncontested that the plaintiff did not file his [January 19, 2005] Complaint within sixty days of his admitted actual notice of the Commissioner's decision." Id.

Likewise, in Gibbs v. Harris, the district court held and the Fourth Circuit affirmed that the telephone conversation between the plaintiff and an Appeals Council staff member, who "advised him that the Council had affirmed the decision of the hearing examiner," constituted actual notice of the decision, and applied the sixty day statute of limitations from the date of that call. Gibbs, 501 F. Supp at 124, 125-126. Courts in other circuits have applied this same rule in similar situations.[2]

Here, Lake admits he learned of the decision on April 6, 2011 from his counsel's office when Ms. Simmons told him she had been advised by the Appeals Council that it had decided his appeal in September 2010; additionally, his counsel received written, confirming notice of the final administrative decision on April 7, 2011. Therefore, the undisputed facts clearly demonstrate that Lake received actual notice, both orally and in writing.

**B.     Equitable Tolling**

Lake next argues that the court should equitably toll the filing deadline because to allow the Appeals Council to use unsigned Notices and unsigned/undated decisions as proper notice under the law and regulations would endorse a procedural practice contrary to the Appeals Council's own mandates. Pl.'s Reply Mot. to Dismiss 6. He also contends that, in weighing the equities, while Lake failed to timely file his complaint, the Appeals Council was remiss in failing to provide a signed and dated decision to him and his counsel. R&R 6. Defendant argues that Lake's case presents no extraordinary

---

[2] See McMahan, 377 F. Supp. 2d at 536 (citing Matsibekker, 738 F.2d at 82 (using date of claimant's visit to the Social Security Administration's office as the date of actual notice when claimant never received notice by mail) and Bartolomie v. Heckler, 597 F. Supp. 1113, 1116 (N.D. N.Y. 1984) (holding that the claimant received notice when his attorney received a response from the Appeals Council to a letter inquiring about the status of the claimant's case)).

circumstances or equities that warrant additional tolling of the sixty day statute of limitations. Def.'s Mot. to Dismiss 4.

Lake acknowledges that thus far equitable tolling has only been allowed in cases where the government has hindered a claimant's attempts to exercise his rights by acting in a misleading or clandestine way. Pl.'s Reply Mot. to Dismiss 6. While admitting that defendant did not act in a misleading or clandestine way, Lake argues that the Appeals Council "should be held to the same standard as it mandates for attorney's fees, expenses, and representation" and "to the same standard as the United States District Court," of which require documents to be signed. R&R 4-5.

The court declines to create a new rule as plaintiff requests.[3] Plaintiff received actual notice, and it is not unfair or inequitable to hold him accountable for information he actually possessed. Lake fails to allege any way defendant's failure to sign and date the fax actually harmed him, and he fails to assert any "rare" or "extraordinary" circumstances making application of equitable tolling appropriate. Bowen, 476 U.S. at 481; Hyatt, 807 F.2d at 378.

---

[3] While the court will not create a signature requirement where Congress has not done so, it is concerned about the cavalier attitude reflected in the Appeals Council's failure to adhere to this nearly universal practice. At the very least, decisions that affect the lives of citizens should be dated. The Appeals Council acts as the final level of administrative review for the Office of Disability Adjudication and Review. Thus, Appeals Council review is plenary unless the Council informs the claimant otherwise. Sims v. Apfel, 530 U.S. 103, 113, 120 (2000); see Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972) (citing 20 C.F.R. § 404.947). This is an important and weighty task that should not be taken lightly. In this electronic age, signing and dating an Appeals Council's decision takes no effort whatsoever. This court can only hope that the Appeals Council holds itself to a higher standard in the future.

## IV. CONCLUSION

For the reasons set forth above, the magistrate judge's R&R is **REJECTED**, defendant's objection is **SUSTAINED**, and plaintiff's case is **DISMISSED**.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**August 1, 2012
Charleston, South Carolina**